J-S40045-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SCOTT BRADLEY KINGSTON | |
| Appellant | No. 2016 MDA 2012 |

Appeal from the PCRA Order October 22, 2012
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000735-2009

BEFORE: BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 29, 2014**

Appellant, Scott Bradley Kingston, appeals from the order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"). After careful review, we affirm in part, vacate in part, and remand for further proceedings.

As we write primarily for the parties, we set forth only so much of the factual and procedural history as is necessary to address the issues raised in this appeal. Kingston was arrested and charged with Driving Under the Influence ("DUI") of alcohol in 2008. While awaiting trial, Kingston was imprisoned in the Wyoming County jail. On November 15, 2008, December 4, 2008, and December 16, 2008, Kingston wrote letters to Jennifer Mroz. In the first letter, Kingston discussed the possibility of his father or his mother testifying that they had been the driver of the vehicle when he was

arrested. In the subsequent letters, Kingston suggested that Mroz take responsibility as the driver of the vehicle on that night.

At Kingston's trial in 2009, Mroz failed to appear and her preliminary hearing testimony was read into the record. Kingston's father testified, and claimed that he had been driving the vehicle when Kingston was arrested. Ultimately, the jury acquitted Kingston of DUI.

After the trial, the Commonwealth questioned Mroz on her failure to appear at Kingston's trial. While denying that she had intentionally failed to appear, she conceded that she had been asked to perjure herself at trial. She produced the letters Kingston had sent her from the Wyoming County prison.

The Commonwealth subsequently charged Kingston with multiple charges, including three charges of soliciting perjury relevant to the instant appeal, and three charges of soliciting to hinder prosecution. A jury convicted Kingston on the six relevant solicitation charges, and on May 17, 2010, the trial court sentenced Kingston on each of the six counts, as well as two others. The trial court ran each sentence consecutively. This Court affirmed Kingston's judgment of sentence by order dated July 6, 2011, and slightly under a month later, Kingston filed a *pro se* PCRA petition, which the PCRA court dismissed without a hearing on December 5, 2011.

On May 2, 2012, Kingston filed a second timely PCRA petition through counsel, which he amended on June 22, 2013. On October 22, 2012, the

PCRA court entered an order dismissing Kingston's second petition, and this timely appeal followed.

On appeal, Kingston raises the following issues for our review:

A. Was the [c]ourt's determination that 18 Pa.C.S. Section 906 does not prohibit Defendant from being sentenced to: three (3) counts of solicitation of Jennifer Mroz to commit perjury and three (3) counts of solicitation of Jennifer Mroz to hinder prosecution of the Defendant in error? Furthermore, was the Defendant entitled to relief under the Post Conviction Relief Act (PCRA) for the following reasons: he was sentenced to a term of imprisonment beyond the lawful maximum; he was prejudiced by the ineffective assistance of counsel by not raising this issue prior; and/or that the application of 18 Pa.C.S. Section 907 was in violation of the laws of Pennsylvania?

B. Did the [c]ourt error in determining that the Defendant was not prejudiced by the [c]ourt's lack of venue and subject matter jurisidiction?

Appellant's Brief, at 5.

Our standard of review of a PCRA court's denial of a petition for post-conviction relief is well-settled. We must examine whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *See Commonwealth v. Hall*, 867 A.2d 619, 628 (Pa. Super. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *See Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). Our scope of review is limited by the parameters of the PCRA. *See Commonwealth v. Heilman*, 867 A.2d 542, 544 (Pa. Super. 2005).

To be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one of the errors listed in 42 Pa.Cons.Stat.Ann. § 9543(a)(2)(i)-(viii). *Commonwealth v. Albrecht*, 554 Pa. 31, 41, 720 A.2d 693, 698 (1998). Section 9543(a)(2) requires, *inter alia*,

> (2) That the conviction or sentence resulted from one or more of the following:
>
> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.
>
> (iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.
>
> (v) Deleted.
>
> (vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.
>
> (vii) The imposition of a sentence greater than the lawful maximum.
>
> (viii) A proceeding in a tribunal without jurisdiction.

42 PA.CONS.STAT.ANN. § 9543(a)(2)(i)-(viii).

We will address Kingston's argument on jurisdiction and venue first. A challenge to the trial court's jurisdiction is cognizable under the PCRA. *See* 42 PA.CONS.STAT.ANN. § 9543(a)(2)(viii). A challenge alleging improper venue is not. Thus, Kingston's venue argument is meritless.

Kingston contends that the Bradford County Court of Common Pleas did not have jurisdiction over the charges based upon the three relevant letters as the letters were sent from Wyoming County Jail to Mroz, who resided in Wyoming County. However, this Court has previously held that a charge of solicitation may be tried in the county where the ultimate criminal act was to be performed. *See Commonwealth v. Carey*, 439 A.2d 151, 155 (Pa. Super. 1981). Similarly, we held that venue was proper in the target county. *See id*.

Here, while the solicitations never left Wyoming County, it is clear that the ultimate criminal acts, perjury at Kingston's DUI trial, and lying to police during their investigation, were to occur in Bradford County. Thus, under *Carey*, Bradford County had jurisdiction over the solicitation charges. Furthermore, even if we were to reach his venue argument, it would merit no relief. As a result, we affirm the PCRA court's dismissal of Section II of Kingston's second amended PCRA petition.

Kingston next argues that trial counsel was ineffective for failing to object, pursuant to 18 PA.CONS.STAT.ANN. § 906, to the imposition of

separate sentences for each of the three solicitation to commit perjury charges, and separately, the three solicitation to hinder prosecution charges arising from the letters. Under Section 906, Kingston contends, these convictions merged into only two sentences: one for solicitation to commit perjury, and one for solicitation to hinder prosecution.

In addressing Kingston's claim of trial counsel's ineffectiveness, we turn to the following principles of law:

> In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place … Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Johnson*, 868 A.2d 1278, 1281 (Pa. Super. 2005) (citations omitted). Moreover, "[w]e presume counsel is effective and place upon Appellant the burden of proving otherwise." *Commonwealth v. Springer*, 961 A.2d 1262, 1266-1268 (Pa. Super. 2008). "This Court will grant relief only if Appellant satisfies each of the three prongs necessary to prove counsel ineffective." *Id*., at 1267. Thus, we may deny any ineffectiveness claim if "the evidence fails to meet a single one of these three prongs." *Id*.

The PCRA court dismissed Kingston's ineffectiveness claims without a hearing, concluding that there was no arguable merit. We conclude that the PCRA court's reasoning was faulty. Kingston's claims have arguable merit, and we must remand for a hearing on the remaining two prongs of Kingston's ineffectiveness claims.

The PCRA court found that each of the three solicitation to commit perjury convictions and each of the three solicitation to hinder prosecution convictions envisioned culmination in different crimes. Section 906 of the Crimes Codes provides that a "person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime."[1] 18 PA.CON.STAT.ANN. § 906. This Court has repeatedly held that a defendant can be convicted of multiple related inchoate crimes where the inchoate crimes envisioned culmination in distinct crimes. *See Commonwealth v. Grekis*, 601 A.2d 1284, 1294 (Pa. Super. 1992).

Here, the PCRA court found that the first letter requested Mroz to commit perjury and hinder prosecution by testifying and stating to police investigators that Kingston's mother had been driving on the night he was

---

[1] This Court has held that it is not the jury's verdict, but the judgment of sentence entered by the trial court, that constitutes a "conviction" under Section 906. *See Commonwealth v. Grekis*, 601 A.2d 1284, 1295 (Pa. Super. 1992).

arrested. In contrast, the PCRA court concluded that the second letter requested Mroz to commit perjury and hinder prosecution by testifying and stating to police investigators that Mroz had been driving on the night Kingston was arrested. Finally, the PCRA court concluded that the third letter requested that Mroz commit perjury and hinder prosecution by testifying and stating to police investigators that she was intoxicated on the night Kingston was arrested, and did not remember who was driving.

The PCRA court's reasoning is plausible at first glance, but ultimately proves too much. First, while the letters requested different methods of perjury or hindering prosecution, they were all methods to the same end - namely, exculpation of Kingston of the DUI charges. Second, while Kingston's letters provided three different methods by which Mroz could perjure herself or provide false statements to police investigators, each method was ultimately exclusive of the others. Mroz could only offer perjured testimony once - at Kingston's DUI trial. Similarly, she could only use one of the proffered stories if she were to effectively hinder the prosecution of Kingston. This is comparable to a defendant soliciting another person to break into a house later that evening by going through the front door, the back door, or through a window. The separate options do not constitute discrete crimes. Only one crime is intended. Thus, we conclude that the PCRA court's finding that the solicitations envisioned more than two ultimate crimes was in error.

The Commonwealth argues that Section 906 does not prohibit multiple convictions based upon separate solicitations that are designed to culminate in the commission of the same crime. *See* Appellee's Brief, at 5. Instead, the Commonwealth posits, Section 906 prohibits separate convictions for each of the different inchoate crimes based upon a single action taken by the defendant.

Our review of existing case law interpreting Section 906 reveals no precedent directly on point. In each case, the defendant had been convicted of violating separate sections under Chapter 9 of the Crimes Code. None of the published opinions addressed the propriety of multiple convictions for separate violations of one section of Chapter 9, all aimed at culminating in the same criminal outcome.[2] We are thus presented an issue of first impression.

While the Commonwealth's argument has some appeal, we conclude that it ultimately does not comport with a plain reading of the statute or a close reading of case law applying the statute. First, we note that the statute requires merger only when the separate inchoate convictions were based on "conduct designed to culminate in the commission of the same crime." If the legislature desired the statute to only require merger where

---

[2] As noted *infra*, this issue was raised in *Commonwealth v. Wade*, but that panel ultimately found the issue waived. *See* 33 A.3d at 115.

the convictions were based upon the same conduct, it would have replaced the phrase with the much shorter "same conduct."

The policy undergirding Section 906, as explicated in our case law, leads to the same conclusion. This Court has observed that the policy behind Section 906 rested on a recognition that the harm in inchoate crimes resides "not in the acts already accomplished, but in the danger that appellant would succeed in his criminal endeavor." **Commonwealth v. Crocker**, 389 A.2d 601, 604 (Pa. Super. 1978); **see also Commonwealth v. Zappacosta**, 401 A.2d 805, 808 (Pa. Super. 1979). Thus, we have highlighted the fact that separate solicitations to immediately commit involuntary deviate sexual intercourse at different times envisioned culmination in distinct crimes in affirming multiple inchoate convictions. **See Grekis**, 601 A.2d at 1295. Moreover, while ultimately finding the issue waived for failure to preserve, this Court has recognized that section 906 would bar multiple convictions for possession of an instrument of crime if the conduct at issue had but a single criminal objective. **See Commonwealth v. Wade**, 33 A.3d 108, 115 (Pa. Super. 2011).

Here, the facts are undisputed. Kingston was convicted of writing three letters soliciting Mroz to commit perjury at his trial and seeking Mroz to hinder prosecution by giving the investigating officers false statements. While there are six separate solicitations involved, they all envisioned culmination in but two criminal acts; Mroz committing perjury and hindering

prosecution. Thus, Kingston's allegation of trial counsel ineffectiveness has arguable merit.

However, the PCRA court dismissed the petition without a hearing. Under such circumstances, we cannot address the issues of whether counsel had a reasonable strategy. And, on this undeveloped record, we cannot say that Kingston suffered prejudice. We therefore vacate the PCRA court's order on these grounds, and remand for further proceedings consistent with this memorandum.

PCRA order affirmed in part and vacated in part. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

President Judge Emeritus Bender joins the memorandum.

Judge Bowes files a concurring and dissenting memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2014

- 11 -